ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Robert B. Keaty, an attorney licensed to practice law in Louisiana but who is currently on interim suspension.[1] The Office of Disciplinary Counsel (“ODC”) concurred in the proposed consent discipline, and the disciplinary board recommended respondent’s petition be accepted.
UNDERLYING FACTS
Respondent is presently the subject of some sixteen separate disciplinary investigations by the ODC. The evidence amassed during these investigations establishes an extensive scheme by respondent of commingling and conversion of more than $10,000,000 in client and third-party funds. The facts may be summarized as follows:
1. Respondent misappropriated $800,000 of client funds and failed to accurately account for the whereabouts of another $951,000 of that client’s funds (the Byrd matter).
2. Respondent failed to account for several million dollars in expenses arising out of a $20 million settlement (the DB-29/Marks matter).
|g3. Respondent engaged in a fraudulent diversion of $2 million in client settlement funds (the DB-29/Derussy matter).
4. Respondent fraudulently diverted or misappropriated fees of over $3 million from a $28 million settlement (the Cormorant Alpha disaster).
5. Respondent commingled $367,000 of one client’s money with that of another client (the Torgrimson matter).
6. Respondent fraudulently obtained approximately $250,000 from a client without providing an accounting for the funds (the Taylor matter).
7. Respondent obtained by false pretenses $280,000 from a client (the Willis matter).
8. Respondent converted $265,000 in client funds (the Guerro matter).
9. Respondent failed to timely disburse funds to a third-party health care provider (the Faul matter).
10. Respondent failed to pay a referral fee to co-counsel following a settle *1176 ment of the case (the Grubbs matter).
11. Respondent failed to account to a client for approximately $400,000 held by respondent during a dispute with the client (the DB-29/Hardy matter).
12. Respondent failed to timely disburse $7,000 to a third-party health care provider (the Delahoussaye matter).
13. Respondent made unauthorized and non-chargeable expenses of over $20,000 to a client (the Gonzales matter).
14. Respondent failed to timely disburse $48,000 to a third-party health care provider (the Gossen matter).
| ¡¡DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline and sought the imposition of disbarment. The ODC concurred in respondent’s petition.

Disciplinary Board Recommendation

The disciplinary board noted that, taken individually, the charges against respondent are “very, very serious”; taken as a whole, the charges are “without precedent in Louisiana.”
In its report, the board found that respondent violated a duty owed to his clients, the public, and the profession. The board concluded that respondent’s conduct was knowing and intentional, and caused significant financial harm and damage to his clients and others. The board found no mitigating circumstances are present, but that numerous aggravating factors are present, including dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. Under the circumstances, the board concluded that disbarment is appropriate to address respondent’s misconduct.
Accordingly, the board recommended that the consent discipline be accepted and that respondent be disbarred from the practice of law, retroactive to the date of his interim suspension. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
I ¿DISCUSSION
It is undisputed that respondent engaged in a pattern of commingling and conversion, involving over $10,000,000 in client funds. Therefore, the sole issue before us is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we explained the typical elements which are found in a disbarment case based on conversion:
In a typical case of disbarment ... one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interests; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of *1177 the damage or risk of damage, expense and inconvenience caused by the client is great; the lawyer either fails to make full restitution or does so tardily after pressure of disciplinary or legal proceedings.
All of these elements are present in the instant case. Respondent clearly acted in bad faith and with fraudulent intent. The magnitude and duration of the deprivation is great, and damage to respondents’ clients is extensive.
Based on these factors, we conclude disbarment is the appropriate sanction under the facts of this case. Accordingly, we will accept the petition for consent discipline and disbar respondent from the practice of law in Louisiana.
1 .DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Robert B. Keaty be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to his clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of- this court’s judgment until paid.

. In re: Keaty, 99-1711 (La.7/1/99).