*504 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Robert B. Keaty, a disbarred attorney.[1] For his misconduct, respondent proposed that he be permanently disbarred from the practice of law. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
While living in the Nashville, Tennessee area, respondent began doing business as Tennessee Associates, working exclusively for Kenny Pipe and Supply and performing debt collection work on its behalf. During the course of these efforts, respondent billed Kenny Pipe and Supply approximately $46,000, of which approximately $40,000 was not due. Furthermore, respondent opened bank accounts in the names of his wife and children without their knowledge and signed their names to checks to improperly secure access to funds.
I ^DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

The ODC conducted an investigation into the complaint filed against respondent. Prior to the institution of formal charges, respondent filed a petition for consent discipline, admitting his conduct violated Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Louisiana Rules of Professional Conduct. For his misconduct, respondent proposed that he be permanently disbarred. The ODC concurred in respondent’s petition.

Disciplinary Board Recommendation

The disciplinary board found that respondent intentionally violated a duty *505 owed to the public, causing damage. The board concluded the baseline sanction for this misconduct is disbarment.
Based upon its review of the record, the board determined the following aggravating factors are present: prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerability of the victim, and substantial experience in the practice of law (admitted 1974). The sole mitigating factor present is a cooperative attitude toward the disciplinary proceedings. The board noted that respondent’s conduct meets Guideline 9[2] of the permanent disbarment guidelines set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement, and concluded that the “most onerous form of lawyer discipline in Louisiana” is warranted in this |3case. Accordingly, the board recommended the petition for consent discipline be accepted.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The parties submit respondent’s conduct in this case warrants permanent disbarment. We agree.
The guidelines for permanent disbarment are set forth in Appendix E to Supreme Court Rule XIX. As the preamble to this appendix explains, the guidelines were not intended to bind this court in its decisionmaking, but to provide “useful information to the public and to lawyers concerning the types of conduct the Court might consider to be worthy of permanent disbarment.”
Guideline 9 of Appendix E provides that permanent disbarment may be warranted for instances of serious attorney misconduct which are “preceded by suspension or disbarment for prior instances of serious attorney misconduct.” The term “serious attorney misconduct” is defined as “any misconduct which results in a suspension of more than one year.” Respondent’s actions in the instant proceeding | unquestionably constitute serious attorney misconduct, and were preceded by prior instances of conduct which we deemed worthy of disbarment.
Accordingly, we will accept the petition for consent discipline. Pursuant to that petition, we will permanently disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the petition for consent discipline, the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered *506 that Robert B. Keaty be permanently disbarred. Pursuant to Supreme Court Rule XIX, § 24(A), he shall be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was disbarred in 2000 for misconduct involving the commingling and conversion of more than $10 million in client funds. In re: Keaty, 00-1982 (La.9/29/00), 769 So.2d 1175.

. Guideline 9 provide in pertinent part as follows:
GUIDELINE 9. Instances of serious attorney misconduct ... preceded by suspension or disbarment for prior instances of serious attorney misconduct.... Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.